49   67
139  382

[No. 10,113.]

## THE PEOPLE *v*. MARIANO SOTO.

CONFESSIONS AS EVIDENCE.—If the prosecution, in a criminal case, offers in evidence a confession made by the defendant in a deposition made by

him before a committing magistrate, the foundation must be laid for its
introduction by preliminary proof, showing, *prima facie*, that it was
freely and voluntarily made.

IDEM.—If such confession is offered in evidence, the defendant is entitled,
before it is received, to prove that it was not voluntarily made.

CONSTRUCTION OF PENAL STATUTES.—The rule that penal statutes must be
strictly construed, has been abolished in this State by the Penal Code.

STEALING A HEIFER.—The word cow, used in the section of the Penal Code,
concerning larceny, includes a heifer, and one who steals a heifer may
be indicted for stealing a cow.

APPEAL from the County Court, San Bernardino County.

The defendant was convicted, and appealed.
The other facts are stated in the opinion.

*Byron Waters* and *John Brown, Jr.*, for the Appellant.

The strict meaning of the word heifer is not to prevail
here, since our Penal Code asserts the rule to be that "the
words used in the indictment are construed in their usual
acceptance in common language." (Penal Code, Sec. 957.)

The word heifer does not appear in the Code designating
a subject of grand larceny when no value is alleged, and
although the common law rule as to the construction of
penal statutes has been abolished (Penal Code, Sec. 4,)
yet it would be hard to find anywhere in the law a rule of
construction which would make a particular act grand lar-
ceny, which has not been declared such by the statute. To
the contrary we have section six of the Penal Code which
provides that "no act or omission is criminal or punish-
able, except as provided or authorized by this Code." As
to definition of grand larceny, see Penal Code, section four
hundred and eighty-seven. In that section no general
word including all kinds of cattle is used. If heifers are
as distinct a class of animals as cows, calves, etc., are, and
are so known in common languge, then it follows that proof
would no more be received of a theft of a heifer under an
indictment for stealing a cow, than could the theft of a calf
or a bull under the same indictment. That this could not
be done, I cite, 2 Rus. on Cr. 138; *Jordt* v. *The State*, 31
Texas, 571. The admissibility of confessions is a question

for the Court, and must be decided before the testimony goes to the jury. (*The People* v. *Ah How,* 34 Cal. 223.).

*John L. Love,* Attorney-General, for the People.

There was no error in admitting proof that it was a heifer which was stolen. (1 Wharton's Crim. Law, Sec. 611.) If the statute had mentioned both cow and heifer, it would have shown that the words were not considered synonymous, but as heifer is not mentioned, it shows that the words are to be considered as synonymous.

By the Court, CROCKETT, J.:

At the trial, the prosecution offered in evidence, as admission of guilt, a deposition made by the defendant on his examination before the committing magistrate. The defense objected to the evidence on the ground, amongst others, that the confession "was not free and voluntary, but was the result of threats made, and inducements held out to him prior thereto by the officers of the law, who had him in custody; and asked leave to introduce evidence in support of the objection." The application was refused and the defendant excepted; and thereupon the deposition was read in evidence. It is difficult to see on what ground the application was refused. Nothing is better settled than that a confession extorted by threats, or resulting from inducements held out by the officers of the law to a prisoner in their custody, is not admissible in evidence.

When such a confession is offered in a criminal case, it is incumbent on the prosecution to lay the foundation for its introduction by preliminary proof showing *prima facie* that it was freely and voluntarily made. No such proof was offered in this case, and the Court erred in admitting the confession in evidence without any showing on this point. But the Court went further, and denied to the defendant an opportunity to show affirmatively that the confession was not voluntary.

For this error the judgment must be reversed and a new trial awarded.

But another question was mooted in the Court below, and will doubtless arise on another trial, and we therefore deem it best to dispose of it now.

The defendant was indicted for stealing a cow, and the proof was that the animal alleged to have been stolen was a heifer, about one and a half years old. It is contended that this was a fatal variance between the indictment and the proof.

In the principal dictionary of our language a heifer is defined to be a "young cow" It is true that under statutes very similar to ours, there are several decisions in the English Courts, and some in the American Courts, which would appear to sustain the proposition of the defendant's counsel. But the rule there was that penal statutes must be strictly construed, and nothing was left to implication.

But this rule has been abolished in this State by the Penal Code, the fourth section of which provides that "the rule of the common law, that Penal Statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice."

Tested by this rule of construction, it is evident, we think, that in making it a felony to steal a cow, the Legislature intended to include under that designation a heifer also, which is but a young cow. The statute enumerates by particular designation cows, bulls, steers and calves; and it cannot reasonably be inferred that it was intended to exclude heifers, but rather that it was the intention to designate them as cows.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.