# BRADY v. THE UNITED STATES.

CRIMINAL LAW; MISCONDUCT OF PROSECUTING OFFICER;
CONFESSIONS; EVIDENCE.

1. In a criminal case, objection was made by the defendant to language used by the prosecuting officer in his opening statement to the jury, upon the ground that he was stating matter which he could not be permitted to prove. The trial judge overruled the objection, and stated that counsel for the government might be allowed some latitude in stating what he expected to prove, but testimony of the character objected to would not be accepted when offered : *Held*, That there was no error for which a new trial ought to be granted.

2. The sufficiency of the evidence offered in a criminal case to show the competency of an alleged confession by the defendant, is primarily, a question for the trial judge. As to how he shall satisfy himself of its competency, or to what extent he will hear proof upon the question, is necessarily a matter almost entirely within his discretion, the exercise of which will not be revised except in case of palpable abuse.

No. 168.   Submitted September 26, 1893.—Decided October 3, 1893.

HEARING on a motion by defendants for a new trial on a bill of exceptions and case, in a prosecution upon an indictment for larceny from the person, in the Supreme Court of the District of Columbia, holding a criminal term.   *Judgment affirmed.*

THE CASE is stated in the opinion.

*Mr. Fountain Peyton* and *Mr. G. Herbert Renfro* for the plaintiffs in error, cited the following authorities in their brief:

1. Upon the contention that a new trial should be granted because of the alleged improper language of the prosecuting officer in his opening to the jury:   *State* v. *Lapage*, 57 N. H., 245 ;   *U. S.* v. *Carrigo*, 1 Cr. C. C., 49 ; *Reg.* v. *Beard*, 8 Car. & Payne, 142 ; *Reg.* v. *Butcher*, 2 Moody & Robinson, 228 ; *People* v. *Hettick*, 1 Wheeler Crim. Cases, 399 ; *Scripps* v. *Riley*, 35 Mich., 371 ; Abbott's Crim. Trial Brief, p. 183.

2. As to the sufficiency of the evidence to support the alleged confession: *Louisiana* v. *Platte*, 34 La. An., 1061 ; *Com.* v. *Harman*, 4 Barr, 269 ; *Rufer* v. *Egner*, 25 Ohio St., 464 ; *People* v. *Ah How*, 34 Cal., 218 ; *Nicholson* v. *State*, 38 Md., 140 ; *Richardson* v. *Lloyd*, 99 Mass., 475 ; *Com.* v. *Culver*, 126 Mass., 464 ; *People* v. *Soto*, 49 Cal., 67.

*Mr. A. A. Birney* for the United States.

Mr. Justice SHEPARD delivered the opinion of the court:

The appellants were convicted of the theft of a pocket book containing a few dollars in money, and sentenced to serve during their minority in the reform school of the District.

The errors charged in the proceedings are set out in the bill of exceptions, and will be considered in order:

1. In his opening statement to the jury, the attorney for the government said: "And I expect to show you, gentlemen of the jury, if the court will permit me, that these defendants habitually infest the markets and engage in this kind of business." Objection was made to this language on the ground that " he was stating matter of which the court would not permit him to offer proof."

" The court overruled the objection, saying that counsel for the government may be allowed some latitude in an opening statement of what the government expects to prove, but the court will not admit testimony when offered of the character objected to. Counsel for the defendants then noted an exception, when the court said that the statement objected to was not, after the court's caution, a matter for exception, and that an exception would not be allowed."

Considering this as an exception, we do not think there is anything in it for which a new trial ought to be awarded. It is the duty of the prosecutor to be perfectly fair in his opening statement, and he should carefully avoid the appearance even of an attempt to prejudice the jury by reciting facts as·intended to be proved which would be inadmissible under the well-established rules of evidence. If he over-

step the proper boundary, as may be sometimes done with no improper motive, it is the duty of the court to caution and restrain him.  If the court should fail to perform this duty in a plain case of violation of the rule, and it should appear that the cause of the defendant may probably have been prejudiced thereby, it would be the duty of the appellate court to grant him another trial.

In general, however, the interference of the trial justice must be a matter of discretion, the exercise of which is not subject to exception.  *Walsh* v. *People*, 88 N. Y., 458.  In the case at bar, the court did caution the prosecutor, and inform the jury that evidence with respect to the character of defendants would not be admitted if offered; and we do not see what more he could have well done under the circumstances.

2. The government offered to prove by one of the officers, named Carson, confessions made by defendants.  Defendants were permitted to cross-examine this witness as to the voluntary nature of the confessions.  The witness said that no threat or inducement was offered and that the confessions were voluntary.  The witness further said, as shown by the bill of exceptions, that two of the defendants, West and Brady, were out of his presence some time before the confessions were made, and that he did not know whether or not an inducement to confess had been held out to them by Officer Judge.  The court then stood this witness aside for a time and had Judge called, who testified that he offered no inducements or threats to cause Brady and West to confess. Defendants then offered to prove, by themselves as witnesses, " that the confessions were not voluntary, but were obtained by inducements on the part of Carson and threats on the part of Judge, and moved the court to hear the counter proof as to the voluntary nature of the confessions before said confessions were given in evidence."  This offer was refused, " because the court had examined all the witnesses having custody of the defendants, and there had not appeared any trace of effort to influence by inducements or threats."

While the confession of a prisoner is often the most satis-factory evidence of guilt, it should never be admitted where there is a well-founded suspicion that it was made under the influence of inducements held out or threats made in order to extort it, by the officers of the law holding him in cus-tody.

The sufficiency of the evidence to show the competency of the confession is, primarily, a question for the court. As to how he shall satisfy himself with respect to this question of competency, or to what extent he will hear proof thereon, is necessarily a matter almost entirely within his discretion, the exercise of which should not be revised except in case of palpable abuse. If there be any suspicion cast upon the manner in which the confession shall have been obtained, it would be decidedly proper to inquire further before its ad-mission. 1 Roscoe Cr. Ev. (8th Ed.), marg. pp. 57-8. This further inquiry seems to have been made with great propriety in the following cases cited on the brief for appellants, viz., *Commonwealth* v. *Harman,* 4 Barr., 269 ; *Nicholson* v. *State,* 38 Md., 140.

Other cases, cited in support of appellant's contention, with one exception, fail to sustain it. In one of these, *Rufer & Egner* v. *State,* 25 Ohio, 464, the court held merely that it was the right of the defendant to cross-examine the witness offered to prove the confession before it could be offered. In the course of the opinion it was said: " It is the right of the defendant to show by preliminary proof, at least to the extent that such preliminary proof can be made by the witness offered to prove the confession, that it was not voluntarily made." It was also said that the case should not be reversed unless it was made to appear that the defendant was preju-diced by the denial of this right.

In another case, *People* v. *Soto,* 49 Cal., 67, the depo-sition of the prisoner, taken before the examining magistrate was offered in evidence and admitted, without any proof whatever as to its voluntary character. Defendants' offer to prove that it was made under inducements and threats was

refused. The judgment was reversed, on the ground that the deposition was inadmissible as a confession without affirmative proof that it had been voluntarily given.

The case of *Commonwealth* v. *Culver*, 126 Mass., 464, strongly supports the contention of appellants. The officer who had charge of the prisoner testified that the confession had been freely made and without undue influence. Defendant produced five witnesses, and offered to show by them that the confession was made in consequence of inducements held out by this same officer. The judgment of conviction was reversed because of the refusal to hear this evidence. We are not prepared to dispute the soundness of this decision as applied to the facts of that case. The learned court, for whose opinions we entertain the highest respect, might well have made that case an exception to the general rule, on the ground that the refusal to hear defendant's offered proof, was, under the circumstances, an abuse of discretion on the part of the trial court. But we cannot accept its doctrine as a sound rule for all cases.

We think it would be unwise to attempt to prescribe any fixed rule for the government of the trial courts in matters of this kind. *Hopt* v. *Utah*, 110 U. S., 574. The action of the presiding judge, who is presumed to be controlled by an earnest desire to fully protect the rights of the prisoner, as well as to guard the interests of society in the prevention of crime, is to be determined by the peculiar circumstances of each case as it comes before him; and it is only in a clear case of abuse of his discretion that a judgment should be reversed. As recited in the bill of exceptions, the court " found no trace of any effort to influence the prisoners by inducements or threats." This being the case, it was proper to admit the evidence of the confessions. The defendants had the right afterwards, if they had demanded it, to introduce their evidence to the jury with respect to the manner in which the confessions had been obtained, and then it would have been the duty of the court to instruct the jury to weigh the evidence on this issue, and to reject the confessions as

evidence, should they believe them to have been induced by improper means. They failed to avail themselves of this right.

We cannot say that appellants have sustained injury or that there is any error shown by the record, and the judgment must therefore be

*Affirmed.*