[Crim. No. 469. First Appellate District.—November 28, 1913.]

# THE PEOPLE, Respondent, v. ALBERTO PROFUMO, Appellant.

CRIMINAL LAW—DYING DECLARATION—INSTRUCTION GIVING JURY LIBERTY TO DISREGARD.—An instruction in a homicide case, upon the subject of dying declarations: "Whether the declaration was in fact made under a sense of impending death is a question of fact which most materially affects the question of its credibility, and the determination of the court thereon is not conclusive upon the jury. They have the right, in considering whether they shall accept the declaration as a correct statement, to determine for themselves whether the declarant was *in extremis,* and fully convinced of that fact when making the declaration, and are at liberty to disregard it if not satisfied that it was made under a sense of 'impending death'" —while it correctly commits to the jury the final determination as to whether the declaration was made while the declarant was *in extremis,* and was conscious of the fact of his condition, leaves the jury "at liberty" to regard or disregard the declaration, although it has not been proved to their satisfaction that it was made under a sense of impending death.

ID.—INSTRUCTION AS TO DYING DECLARATIONS—WAIVER BY FAILURE TO REQUEST MORE SPECIFIC CHARGE.—This error in such instruction is not waived by the failure of the defendant to request a more specific instruction upon the subject of dying declarations. Where a general instruction is given by the court which is correct as far as it goes, but is merely deficient by reason of its generality, the defendant is bound to request that the charge be made more specific, and in the absence of such request is held to have waived his objection to the instruction; but to hold that an error of an instruction, which merely informs the jury that they are at liberty not to do that which under given conditions they are bound not to do, must be corrected by the defendant at the moment of its commission, under penalty

of waiving his right to object to it upon appeal, would be to carry the rule of waiver entirely too far.

ID.—ERROR IN INSTRUCTION AS TO DYING DECLARATION—WHEN HARM-
LESS.—The misdirection to the jury in such instruction is not such prejudicial error as to have resulted in a miscarriage of justice and require a reversal, where the appellate court, pursuant to its duty under section 4½ of article VI of the constitution, makes an examination of the entire cause, including the evidence, to deter-mine whether the error was prejudicial, and finds that undisputed evidence shows beyond a reasonable doubt and to a moral certainty that the alleged dying declaration of the decedent was in fact so, and was made under a sense of impending death, and that the jury must have so found from the affirmative and unquestioned proofs before them.

ID.—DYING DECLARATION—WHAT CONSTITUTES—ADMISSIBILITY IN EVI-
DENCE.—A dying declaration is admissible in evidence only when, in the first instance, the court is reasonably satisfied by evidence *aliunde* that it was made under a sense of impending death; and, having been so admitted by the court, is competent evidence to be consid-ered by the jury only when they shall also have first satisfied them-selves beyond a reasonable doubt that it was made by the declarant as a dying person and under a sense of impending death.

ID.—MANSLAUGHTER—REFUSAL OF INSTRUCTIONS DEFINING.—The failure of the court in a homicide case to instruct the jury on the subject of manslaughter is not reversible error, when the elements of man-slaughter are not reasonably deducible from the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Thomas V. Eddy, and Philip C. Boardman, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This is an appeal from a judgment of con-viction of the defendant of murder of the second degree and from an order denying his motion for a new trial.

The first point urged by the appellant is that the court erred in giving to the jury the following instruction upon the subject of dying declarations: "Whether the declaration was in fact made under a sense of impending death is a question of fact which most materially affects the question of its credibility,

and the determination of the court thereon is not conclusive upon the jury. They have the right, in considering whether they shall accept the declaration as a correct statement, to determine for themselves whether the declarant was *in extremis,* and fully convinced of that fact when making the declaration, and are *at liberty* to disregard it if not satisfied that it was made under a sense of impending death.'' The vice which the appellant points out as existing in this instruction is that, while it correctly commits to the jury the final determination as to whether the alleged dying declaration was made while the declarant was *in extremis,* and was conscious of the fact of his condition, it leaves the jury "at liberty" to regard or disregard the declaration although it has not been proven to their satisfaction that it was made under a sense of impending death.

There would seem to be little doubt as to the correctness of this contention. A dying declaration is only admissible in evidence when, in the first instance, the court is reasonably satisfied by evidence *aliunde* that it was made under a sense of impending death; and, having been so admitted by the court, is only competent evidence to be considered by the jury when they shall also have first satisfied themselves beyond a reasonable doubt that it was made by the declarant as a dying person and under a sense of impending death. The rule on this subject is clearly set forth by Mr. Justice Angellotti in the case of *People* v. *Thomson,* 145 Cal. 717, 725, [79 Pac. 435], in the following words: ''Inasmuch as the declaration of the decedent is competent evidence only when made under the sense of impending death and because it is so made, it would seem to logically follow that the jury could give it no consideration whatever unless they are satisfied that it was made by the deceased under such sense of impending death. It is a rule of evidence that such a declaration can be considered only in that event; and while the court must of necessity preliminarily determine the question of fact essential to the admission of the declaration in evidence, the rule of evidence still remains for the guidance of the jury; and as the jury must exercise their power of judgment of the effect of the evidence in subordination to the rules of evidence, it would seem to be proper to inform the jury of such rule and of their duties in regard thereto.''

It is, however, contended by the respondent that the instruction under consideration is to be held to be a correct statement of the law because it was also taken bodily from another portion of the opinion of Mr. Justice Angellotti in the case above cited.

When the case of *People* v. *Thomson* is examined it will be found that the language of the decision which the trial court in the case at bar excerpted and adopted as its instruction, was used by the learned justice not in defining the duty of the jury in respect of their consideration of the declaration, but in defining the duty of the court in respect of the admission of the declaration in evidence in the first instance; and that the learned justice followed the general language which was adopted by the trial court in its instruction with a specific statement of the law governing the ultimate attitude of the jury toward dying declarations which has been above set forth but which the trial court entirely omitted from its instruction; nor was the error of such omission corrected or cured in any other portion of the instructions.

The respondent further contends that, conceding the error in the instructions complained of, the appellant is not entitled to a reversal therefor because it was his duty, if he desired a more specific instruction to the jury upon the subject of dying declarations, to have requested of the trial court the giving of such instruction, and that his failure to request a more specific instruction waives the failure to give it.

The cases relied upon by the respondent to support this contention do not go so far, but merely hold that where a general instruction is given by the court which is correct as far as it goes, but which is merely deficient by reason of its generality, the defendant is bound to request that the charge be made more specific, and in the absence of such request is held to have waived his objection to the instruction; but to hold that an error of an instruction, which merely informs the jury that they are at liberty not to do that which under given conditions they are bound not to do, must be corrected by the defendant at the moment of its commission, under penalty of waiving his right to object to it upon appeal, would be to carry the rule entirely too far. This is well illustrated in the present case, wherein the instructions given by the trial court

are sixty-two in number, extending over forty-eight pages of the typewritten transcript on appeal.

It is also contended that the instruction, even though error, is not such prejudicial error as should work a reversal of the judgment, for the reason, as counsel urges, that the dying declaration in question was not essential to the case for the people, and that there is ample evidence without it to support the verdict.

The record does not sustain this contention. The defendant was charged in the information with murder in the first degree. The facts upon proof of which the people depended to sustain this charge were these: The defendant and one Robert Schaffer went to the cabin of the decedent with intent to commit burglary. While there they were surprised in the act of rifling the cabin by its owner, who first saw Schaffer, and after demanding the reason of his presence there, fired a shot at him, wounding him in the leg; that almost immediately thereafter the decedent was fired upon and fatally wounded by the appellant who, at the time of the first shot, was in another room of the house. The only witnesses to the actual shooting were the decedent, Schaffer, and the defendant; and the only two witnesses as to the purpose for which the defendant and Schaffer went into the cabin of the decedent were themselves. On the day before the trial Schaffer was permitted to withdraw his plea of not guilty of murder in the first degree, and to enter a plea of guilty of burglary in the second degree. Thereafter and upon the trial Schaffer turned state's evidence, and testified that the purpose of the defendant and himself in going into the cabin of the decedent was to commit burglary, and that being there it was the defendant who fired the fatal shot. The defendant took the witness stand in his own behalf, and denied the truth of both of these statements, asserting that he had no criminal purpose in being at the cabin; that he was not in it at all; that he was unarmed; that he did not fire the fatal or any shot, and that it was Schaffer who fired the fatal shot.

It is plain from this recital of the facts immediately connected with the homicide that the dying declaration of the decedent, to the effect that it was the defendant and not Schaffer who did the shooting, was a very important if not vital element in the proof of the people's case; and the fact

that even with its aid the jury were only so far convinced of
the defendant's guilt as to bring in a verdict of murder in the
second degree renders it very probable that he would not have
been convicted of even the lesser offense but for the dying
declaration.

This being so it must be held that if the record discloses that
there was any room for a reasonable doubt as to whether the
dying declaration was made under those conditions which are
an essential prerequisite to its admission in evidence at all,
then the giving of this erroneous instruction by the court con-
stituted such prejudicial error as to compel a reversal of the
judgment.

It therefore becomes the duty of this court, under section
4½ of article VI of the constitution, to make an examination
of the entire cause, including the evidence, in order to deter-
mine whether the error complained of has resulted in a mis-
carriage of justice.

Upon such examination of the evidence, and particularly
that portion thereof which purports to lay the foundation for
the admission in evidence of the dying declaration and for its
consideration by the jury, we are clearly of the opinion that
the undisputed evidence in this case shows beyond a reason-
able doubt and to a moral certainty that the alleged dying
declaration of the decedent was in fact so, and was made under
a sense of impending death; and that the jury must have so
found from the affirmative and unquestioned proofs before
them. This being so, the jury would have been bound under
their oath to admit this dying declaration to their considera-
tion; and having done so they would be at liberty to regard or
disregard it according to their views as to its credibility; and
thus it follows that the giving of the instruction in question
by the trial court, though a misdirection of the jury, was not
under the circumstances of this case such a prejudicial error
as to have resulted in a miscarriage of justice.

The appellant makes the further point that the court erred
in failing to give to the jury an instruction on the subject
of manslaughter. From the review of the evidence above
given it will, however, appear that the elements involved in
the crime of manslaughter were not reasonably deducible from
the facts of this case, and hence that the court committed no
reversible error in its failure to give such an instruction.

(*People* v. *Rogers,* 163 Cal. 476, [126 Pac. 143], and cases cited.)

The judgment and order denying a new trial are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.