[Crim. No. 604.    First Appellate District.—September 3, 1915.]

THE PEOPLE, Respondent, v. CLARENCE GIBSON, Appellant.

CRIMINAL LAW—EVIDENCE—CONFESSION—FOUNDATION FOR.—In a criminal action the question whether an extra-judicial confession of the defendant was voluntary or not, should be presented before the confession is admitted in evidence, and it is purely one of law, the determination of which is committed exclusively to the trial court; and when the defendant objects to the introduction of the confession in evidence and offers to prove that it was not free and voluntary, it is prejudicial error for the court to refuse the offer.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.   J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

L. D. Manning, and Fred W. Moore, for Appellant.

U. S. Webb, Attorney-General, and Frank S. Guerena, for Respondent.

THE COURT.—The trial court in this case, against the insistent request of the defendant, refused to permit him to introduce evidence tending to show that his extra-judicial confession was not free and voluntary, before admitting the confession itself in evidence.   The confession of the defendant testified to by police officers contributed to the conviction of the defendant, and the error of the court, therefore, in refusing to permit the defendant to introduce testimony tending to prove that the confession was involuntary and induced by improper influences, was clearly prejudicial.   In the case of *People* v. *Cahill,* 11 Cal. App. 685, 691, [106 Pac. 115], it was held that testimony on the question whether the confession was voluntary or not should be presented before the confession is admitted in evidence; that it is purely one of law, the determination of which is committed exclusively to the court.   (*People* v. *Soto,* 49 Cal. 67, 70.)

When a confession is offered against a defendant on trial, and he objects to it, and offers to prove that it was procured

by threats or promises, or under such circumstances as would render it incompetent, it is 'error to receive the confession without first hearing the proof offered and ruling upon the competency of the confession as evidence against the party making it. (*Ammos* v. *State*, 80 Miss. 592, [92 Am. St. Rep. 607, 18 L. R. A. (N. S.) 778, 32 South. 9]; 3 Ency. of Ev. 346; 2 Wharton on Criminal Evidence, sec. 689a; *People* v. *Kamaunu*, 110 Cal. 609, [42 Pac. 1096].)

The judgment and order are reversed and the cause remanded for a new trial.

A petition for a rehearing of this cause was denied by the district court of appeal on October 4, 1915.