[Crim. No. 516.   Second Appellate District.—February 1, 1917.]

THE PEOPLE, Respondent, v. GEORGE SWEETMAN, Appellant.

CRIMINAL LAW—POSSESSION OF STOLEN PROPERTY UNEXPLAINED—EFFECT OF PROOF—INSTRUCTION.—In a prosecution for the crime of burglary, the defendant is not prejudiced by the giving of an instruction with reference to the possession of stolen property, unexplained, and the effect of such proof, where no evidence was introduced tending to show that the defendant had the property in his possession.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Wm. M. Morse, Jr., and S. M. Johnstone, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—The defendant having been convicted of the crime of burglary, appeals from the judgment and an order of court denying his motion for a new trial.

The subject of the larceny was certain plumbing fixtures, consisting of two laundry tubs and a kitchen sink, which had

been installed in a house at No. 1211 North Mariposa Street, in the city of Los Angeles, which was owned by the prosecuting witness. The evidence, exclusive of a confession made by defendant, without contradiction, shows that the tubs, which were installed upon an uninclosed porch of the house, and the sink installed in the kitchen, the door of which was locked, were, without the owner's knowledge or consent, by some person unknown to him, taken and removed therefrom between 4:30 o'clock P. M., on June 21st, and 8 o'clock A. M., the next day. The tubs were found installed in a house located at No. 803 North Wilcox Avenue, in the city, the contract for the installation of plumbing fixtures in which had been let to defendant. This evidence was amply sufficient to show the commission of the crime (*People* v. *Wagner,* 29 Cal. App. 363, [155 Pac. 649]) ; hence there is no ground for appellant's contention that the court erred in admitting evidence of his confession, for the reason that the *corpus delicti* was not established.

Neither does any ground exist for the suggestion that the confession of defendant was procured by promise of reward or immunity. On the contrary, the evidence conclusively shows that defendant freely and voluntarily, and without menace, duress, or promise of any kind, made and subscribed a written confession wherein he stated that he entered the house at about 8 o'clock P. M. and took therefrom the tubs and sink, which he installed in the other house.

The court instructed the jury: "That before an admission or confession of a defendant can be used against him as evidence, it must appear that the statement was made voluntarily, and not under duress, menace, the hope of reward or the fear of punishment. If you find from the evidence that the confession admitted in evidence was made under the promise of reward, or menace, duress, or the fear of punishment, then you must disregard the confession entirely, and unless you find from the evidence, after disregarding the confession, that the defendant committed the offense charged against him, it will be your duty to acquit." As an abstract proposition of law, the first sentence of the instruction is correct, but it is the province of the court, not the jury, to determine whether or not a confession offered in evidence should be received or rejected. (*People* v. *Cahill,* 11 Cal. App. 685, [106 Pac. 115] ; *People* v. *Gibson,* 28 Cal. App. 334, [152 Pac. 316] ; *People* v.

*Barker,* 60 Mich. 277, [1 Am. St. Rep. 501, 27 N. W. 539].)
Hence it was error to submit to the jury the question as to
whether or not the confession was obtained by promise of
reward, menace, or duress, and to submit to the jurors the
question as to whether or not it should have been admitted in
evidence; for, if not voluntarily made, as determined by the
court, it was inadmissible. Conceding the instruction to have
been erroneous, in no event could it have prejudiced defend-
ant in his substantial rights. On the contrary, the jury might
have overruled the court by finding that the confession was
extorted from defendant by unfair means, and in such case,
following the instruction of the court, disregarded it entirely
and acquitted defendant for want of sufficient evidence.

Complaint is also made that the court instructed the jury
with reference to the possession by defendant of stolen prop-
erty, unexplained, and the effect of such proof; the objection
to this instruction being that there was no evidence showing
that defendant had the stolen property in his possession. If
it were conceded there was no occasion for giving the instruc-
tion, and that there was no evidence tending to show that
defendant had the property in his possession, yet the giving
of it could not be prejudicial.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied by
the supreme court on April 2, 1917, and the following opinion
then rendered thereon:

THE COURT.—In denying the petition for a hearing in
this court after decision by the district court of appeal of the
second appellate district, we deem it proper to say that our
opinion is not to be taken as an approval of that portion of
the opinion which holds that the trial court erred in its in-
structions to the jury relative to the confession of the defend-
ant. (See *People* v. *Thomson,* 145 Cal. 717, 725, [79 Pac. 435];
*People* v. *Luis,* 158 Cal. 185, 196, [110 Pac. 580]; *People* v.
*Profumo,* 23 Cal. App. 378, [138 Pac. 109].) The district
court of appeal was undoubtedly correct, however, in holding
that, assuming the instruction to have been erroneous in the
respect referred to, the error was not prejudicial.