[Crim. No. 735.  Second Appellate District, Division Two.—November 9, 1920.]

## THE PEOPLE, Respondent, v. JAMES COLUMBUS, Appellant.

[1] CRIMINAL LAW—EVIDENCE—CONFESSION—PRELIMINARY PROOF OF COMPETENCY.—In a criminal prosecution, the refusal to permit the defendant, before an alleged confession was read in evidence, to introduce his evidence of the circumstances under which it was made was prejudicial error.

APPEAL from judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frederick W. Houser, Judge. Reversed.

The facts are stated in the opinion of the court.

LeRoy D. Barnett for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood, for Respondent.

FINLAYSON, P. J.—Defendant appeals from a judgment of conviction and an order denying his motion for new trial. The evidence tending to establish his guilt consists of the direct testimony of a little girl, five years of age, and his own written, signed confession, made by him at the police station on the evening of the alleged crime, in the presence of a number of police officers. The prosecution's preliminary evidence upon the admissibility of the confession, as the free and voluntary act of the accused, consists of the testimony of two police officers who testified that defendant made his confession freely and voluntarily. Upon the introduction of this preliminary evidence, the district attorney offered the confession in evidence. To this offer defendant objected, his counsel stating that he wanted to put the defendant himself upon the stand, before the document was read in evidence, to testify in regard to the circumstances under which he claimed the confession was made. Defend-

1. When confession is voluntary, note, 18 L. R. A. (N. S.) 768.

·ant's announced purpose was to contradict the testimony of
the two police officers that the confession had been given freely
and voluntarily, by testifying that it was procured through
fear, induced by the threatening manner and the violent lan-
guage of the officers by whom he was surrounded when he
agreed to make a confession. The objection was overruled
and the confession read in evidence.

The question of the confession's admissibility as the free
and voluntary act of the accused was one for the determina-
tion of the judge only. "When a confession is offered
against a defendant on trial, and he objects to it, and offers
to prove that it was procured by threats or promises, or
under such circumstances as would render it incompetent, it
is error to receive the confession without first hearing the
proof offered and ruling upon the competency of the con-
fession as evidence against the party making it." (*People*
v. *Gibson,* 28 Cal. App. 334, [152 Pac. 316].)

Sections 2101 and 2102 of the Code of Civil Procedure
read:

"Sec. 2101. All questions of fact, where the trial is by
jury, other than those mentioned in the next section, are to
be decided by the jury, and all evidence thereon is to be
addressed to them, except when otherwise provided by this
code."

"Sec. 2102. All questions of law, including the admissi-
bility of testimony, *the facts preliminary to such admission,*
and the construction of statutes and other writings, and other
rules of evidence, are to be decided by the court, and all dis-
cussions of law addressed to it. Whenever the knowledge
of the court is, by this code, made evidence of a fact, the
court is to declare such knowledge to the jury, who are
bound to accept it."

The section last quoted (2102) is a legislative recognition
of the rule that when the admissibility of any evidence de-
pends upon a collateral fact, it is for the judge to pass upon
such collateral fact in the first instance. It is expressly
made the duty of the judge to pass upon all questions of fact
the determination of which is a necessary preliminary to the
admissibility of any testimony. The jurors are sworn and
impaneled to try the issues joined between the people and
the prisoner, and are not sworn or impaneled to try col-

lateral matters preliminary to the admissibility of evidence. The duty of passing upon the facts preliminary to the admissibility of evidence is often very embarrassing, particularly where there is a conflict of testimony. This duty, nevertheless, must be discharged by the judge, and by him only. In the case of confessions, the evil of allowing the jury to pass upon a conflict in the evidence upon the collateral question as to whether the confession was or was not the free and voluntary act of the accused is this: If the confession be permitted to be given in evidence before the judge, after due consideration of all the evidence for and against its voluntary character, is satisfied that it was voluntarily made, it may be difficult for the jurors, in deciding the question of admissibility, i. e., whether it was voluntarily made or not, to be wholly uninfluenced by the confession itself, which, unless it be admissible, they ought not to hear or consider. (*State* v. *Andrews,* 61 N. C. 207, 208; *Nicholson* v. *State,* 38 Md. 156, 157.) **[1]** We are satisfied that the refusal to permit the defendant, before the confession was read to the jurors as evidence in the case, to introduce his evidence of the circumstances under which it was made was prejudicial error. (*People* v. *Gibson,* 28 Cal. App. 334, [152 Pac. 316]; *People* v. *Cahill,* 11 Cal. App. 685–691, [106 Pac. 115]; *State* v. *Sherman,* 35 Mont. 512, [119 Am. St. Rep. 869, 90 Pac. 981]; note to *Ammons* v. *State,* 18 L. R. A. (N. S.) 778 et seq.)

The salutary provision of section 4½ of article VI of the constitution cannot successfully be invoked to uphold the judgment. After a most careful consideration of the entire cause, including the evidence, we are unable to determine whether the trial judge would or would not have excluded the confession had he heard defendant's testimony before ruling upon its admissibility; nor are we able to say whether the jury would or would not have convicted the defendant if the erroneously admitted confession had been excluded from their consideration. This being so, we do not feel that section 4½ can aid the judgment. (See *People* v. *MacPhee,* 26 Cal. App. 218, 226, [146 Pac. 522]; also *People* v. *Gibson, supra.*)

The judgment and order are reversed and the cause remanded for a new trial.

Thomas, J., and Weller, J., concurred.