[Crim. No. 80.   Fourth Appellate District.—April 27, 1933.]

THE PEOPLE, Respondent, v. HENRY ELI et al., Appellants.

Chandos E. Bush and D. G. Wettlin for Appellants.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

CAMPBELL, J., *pro tem.*—The defendants were convicted of the crime of arson upon an information charging them jointly with having, on or about June 7, 1932, feloniously set fire to an apartment house located at Huntington Beach, California, then and there kept by one Jess Sibley.

This appeal is taken by both defendants from the judgments and orders denying their motions for new trial.

The only error assigned consists of a certain ruling admitting evidence over the objection of the defendants. During the trial of the case one of the principal witnesses for the People was the deputy district attorney of Orange County, who testified to a conversation with defendant Eli, wherein the defendant made statements amounting to a confession. This statement or confession had been previously reduced to writing by a reporter. The People, during the trial, offered this statement or confession of defendant Eli, to which counsel for defendants objected on the ground that it was not free and voluntary, and offered to introduce testimony in support of this contention. The court overruled the objection, declined the offer and the confession was read in evidence. Was this prejudicial error?

In *People* v. *Gibson*, 28 Cal. App. 334 [152 Pac. 316], the court said:

"The confession of the defendant testified to by police officers contributed to the conviction of the defendant, and the error of the court, therefore, in refusing to permit the defendant to introduce testimony tending to prove that the confession was involuntary and induced by improper influences, was clearly prejudicial. In the case of *People* v. *Cahill*, 11 Cal. App. 685, 691 [106 Pac. 115], it was held that testimony on the question whether the confession was voluntary or not should be presented before the confession is admitted in evidence; that it is purely one of law, the determination of which is committed exclusively to the court. (*People* v. *Soto*, 49 Cal. 67, 70.)

"When a confession is offered against a defendant on trial, and he objects to it, and offers to prove that it was procured by threats or promises, or under such circumstances as would render it incompetent, it is error to receive the confession without first hearing the proof offered and ruling upon the competency of the confession as evidence against the party making it." (Citing cases.)

Sections 2101 and 2102 of the Code of Civil Procedure read as follows:

"2101. All questions of fact, where the trial is by jury, other than those mentioned in the next section, are to be decided by the jury, and all evidence thereon is to be

addressed to them, except when otherwise provided by this code.''

"2102. All questions of law, including the admissibility of testimony, the facts preliminary to such admission, and the construction of statutes and other writings and other rules of evidence, are to be decided by the court, and all discussions of law addressed to it. Whenever the knowledge of the court is, by this code, made evidence of a fact, the court is to declare such knowledge to the jury, who are bound to accept it.''

By the section last above quoted, it is expressly made the duty of the trial court to pass upon all questions of fact, the determination of which is a necessary preliminary to the admissibility of any testimony. It follows that the question of the admissibility of the confession as the free and voluntary act of the accused was one for the determination of the trial court only. We are satisfied that the refusal to permit the defendant, before the confession was read to the jurors as evidence in the case, to introduce his evidence of the circumstances under which it was made, was error. (*People* v. *Columbus,* 49 Cal. App. 761 [194 Pac. 288]; *People* v. *Gibson, supra; People* v. *Cahill, supra.*)

Although appellant Rose did not make a statement, there is testimony to show that he heard appellant Eli's confession read and that it contained incriminatory matters against him, to which he made no objection.

In discussing section 4½ of article VI of our Constitution, the court, in the case of *People* v. *O'Bryan,* 165 Cal. 55, 65 [130 Pac. 1042, 1046], states: "Section 4½ of article VI of our constitution must be given at least the effect of abrogating the old rule that prejudice is presumed from any error of law. Where error is shown it is the duty of the court to examine the evidence and ascertain from such examination whether the error did or did not in fact work any injury. The mere fact of error does not make out a *prima facie* case for reversal which must be overcome by a clear showing that no injury could have resulted.''

It appears that appellant Eli, testifying in his own behalf, was permitted to testify at considerable length concerning the circumstances under which he made the statement in question. The substance of his contention that the statement was not freely and voluntarily made was apparently

based on his subsequent testimony that he was told it would be better for him to plead guilty and that he was continually questioned for a considerable period of time.

He testified further in regard to the statement, that only a portion of it was true and that the statement which he made admitting his connection with the fire was made only after a long course of questioning. Appellant Eli stated: "Yes, they said they would help me all they could, and I was arrested and made statements naturally of things that wasn't a fact, and I didn't know anything about how to get out of it." However, on cross-examination defendant Eli admitted that the following question had been asked him during the course of making his statement heretofore referred to: "Q. Now with that in mind and understanding there is absolutely no promises of immunity or reward either by myself or anyone else, do you want to tell me what happened?" To which appellant Eli answered: "Can you fix it up some way so I can get away by Monday evening to fix things up?"

It appears from the record that the deputy district attorney, to whom appellant Eli made the statements, took every available precaution to inform appellant of his rights, and although appellant was questioned several hours in the office of the district attorney, his own testimony, taken as a whole, clearly indicates that the statement was made freely and voluntarily on his part. The appellant Eli's testimony above quoted, "Yes, they said they would help me all they could . . . ", is the only testimony in the record touching upon the subject of whether or not the confession was free and voluntary. Certainly there is nothing in it to indicate in the slightest degree that it could be construed as a threat or regarded as a promise. In fact it held out no inducement of any kind. We are fully satisfied, after consideration of the entire record, that the statement of appellant Eli was freely and voluntarily given.

After thorough examination of the case, including the evidence, and particularly appellant Eli's explanation of the circumstances under which his statement was given, we are of the opinion that no trial judge would have excluded the statement or confession had he heard appellant's testimony before ruling upon its admissibility.

The appellants had the benefit of the appellant Eli's version of the circumstances under which the statement or confession was given and his testimony on the subject fails utterly to show that his statement was not given voluntarily, and in itself shows conclusively that he was not prejudiced by the error. The record as a whole so strongly indicates the guilt of the defendants, even without considering the alleged confession, that a reversal cannot reasonably be had on account of such error.

There being ample evidence pointing to the guilt of the defendants and the error complained of not prejudicing the substantial rights of the defendants, it follows that the judgments must be affirmed. (Sec. 4½, art. VI, Const.)

The judgments and orders appealed from are affirmed.

Barnard, P. J., and Marks, J., concurred.