[Crim. No. 1425. Third Appellate District.—May 3, 1935.]

## THE PEOPLE, Respondent, v. JOHN CLEMENTS, Appellant.

Kenneth McGilvray for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Defendant was charged with the crime of burglary and was found guilty by a jury of burglary in the first degree. This appeal is from the judgment of conviction based thereon.

Appellant as grounds for reversal claims the court erred in admission of certain evidence, particularly in regard to an alleged confession by appellant, and also that the evidence is insufficient to support a verdict of burglary of the first degree.

As to the first point urged we can find no error of sufficient gravity to justify a reversal. Appellant, with a man named Beedo and two other men, lived in what he termed a shack in the jungles in the outskirts of Sacramento. A police officer testified that in a list of articles taken from certain burglarized premises was a candy container and a toaster which were later found in the shack occupied by appellant. The officer also testified he talked to Beedo, who told him appellant brought the articles to the shack. Upon objection by appellant this testimony was stricken out. The officer then stated Beedo was taken to the cell of appellant in the city jail, where he there said to appellant: "Red", referring to appellant, "you pulled that burglary job, why don't you tell the truth?" Following this incident, so the officer testified, appellant freely and voluntarily admitted he burglarized the house as charged in the information.

Appellant claims he was not given an opportunity to show the confession was not free and voluntary, but the record discloses appellant had ample opportunity and called a witness in addition to his own testimony in an attempt to discredit the same.

The trial court is vested with a discretion to determine whether or not a confession is admissible, and if there is a

conflict in the evidence as to whether this testimony was or was not free and voluntary, the finding of the trial court will not be disturbed. (*People* v. *Lehew*, 209 Cal. 336 [287 Pac. 337]; *People* v. *Luzovich*, 127 Cal. App. 465 [16 Pac. (2d) 144]; *People* v. *Castello*, 194 Cal. 595 [229 Pac. 855]; *People* v. *Eli*, 131 Cal. App. 482 [21 Pac. (2d) 654].)

We have read the entire record, however, relating to the confession and the circumstances preceding it, but we find nothing that would indicate the use of threats or violence or undue influence in obtaining the statement from appellant. It is true he attempted on the witness stand, to repudiate it but his testimony is not convincing. There is some conflict as to who brought the stolen articles to the premises of appellant but the determination of such matters is for the jury and their finding against appellant is binding upon us.

As to the point that the evidence fails to show the burglary was committed in the night-time we must hold with appellant. The articles taken from the burglarized premises consisted of a toaster, a dish or two, some bacon and a carton of eggs. These articles were placed in the ice box by Mrs. Smith, the owner of the property taken, about noon of December 4th, and were not missed until about 8 o'clock on the morning of December 5th. She was away from the home from 1 o'clock until about 4:30 o'clock on the afternoon of December 4th, but was in the house the remainder of the evening and night. Appellant admits in his confession he took the articles about 4 or 4:30 o'clock in the afternoon. The police officers, on cross-examination, testified that Beedo told them that appellant came in in the early evening with the stolen articles. The sun set upon the evening of December 4th at 4:38 P. M. We find nothing else in the record bearing upon the element of time.

This evidence was insufficient to justify the finding of the jury that the burglary occurred in the night-time, and no claim is made that appellant was armed at the time of the commission of the crime.

The facts, however, are sufficient to support a verdict of guilty of burglary of the second degree.

The judgment, therefore, is modified by reducing the degree from burglary of the first degree to burglary of the second degree, and as so modified the judgment is affirmed.

Plummer, J., and Thompson, J., concurred.